THE PEOPLE EX REL. THE GALLATIN NATIONAL BANK; FREDERICK D. TAPPAN AND OTHERS, *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK, DEFENDANT.*

*National bank — Taxation — Actual, not par value of stock, the basis of — Surplus.*

The actual and not the par value is the standard to be adopted by commissioners of taxation, in assessing the value of shares of the capital stock of a national bank

Such valuation is not affected by the fact that a portion of the capital of the bank is invested in United States bonds, or by the fact that the bank is required by law to accumulate and retain a reserve.

\* Decided November 15, 1876.

The actual value of the stock, diminished by the proportionate value of the real estate owned by the bank, furnishes the proper sum upon which to assess the tax.

Writ of certiorari to inquire into the validity of a tax imposed on shares of the Gallatin National Bank.

The Gallatin Bank is a national banking association organized in conformity with the act of congress passed 3d June, 1864, and pursuant to an act of the legislature of this State passed 9th March, 1865. (Chap. 97.)

The bank had been previously organized under the general banking law of this State, but on reorganization it surrendered its charter as required by the enabling act, and in conformity with section 16 of the act of congress.it at once invested one-third of its capital in government bonds; and in conformity with section 33 it has reserved from its earnings an accumulated surplus of $300,000.

The bank's assets were as follows:

| | |
|---|---:|
| Capital | $1,500,000 |
| Surplus | 300,000 |
| Premium on $591,000 United States bonds, over 20 per cent | 118,200 |
| | $1,918,200 |

This amount divided among the stockholders would give, per each share, sixty-three dollars and thirty cents. They were assessed by the commissioners at fifty-nine dollars each. The assessed value of the real estate of the bank was $50,000. The par value of each share, fifty dollars.

The commissioners of taxes, in determining the tax to be imposed, included in the estimate of value the surplus and the reserve, deducting the assessed value of the relator's real estate. The president of the bank objected and offered proof of the above facts. The commissioners, notwithstanding, made the assessment which the relator now seeks to have corrected.

*D. D. Lord,* for the relators. The assessment violates the clauses in the act of congress, 3d June, 1864, and in the State enabling act of 9th March, 1865, prohibiting an unfavorable discrimination against national banks. The intention of these clauses was not

limited merely to requiring that the taxes should be at the same per centage for both kinds of banks, but that no unfair discrimination should be made against the national banks, whether in the rate of tax, assessment of taxable value, or otherwise. (*Austin* v. *Barton*, 14 Allen, 365.) This prohibition is violated even when one uniform rate of taxation is applied to both classes of banks, if their constitutions are so different that it acts favorably on one class and unfavorably on the other. Such a rule, though literally uniform, might drive the national banks out of existence as effectually as an unequal assessment of the taxable value, or an unequal per centage of tax imposed. In the present case the rule mentioned is very unequal and injurious to the relators. The surplus and the premium on government bonds are included in the assessed value of the shares. They enter into the limit of value, stated by Mr. Tappan, which it appears by the return formed the basis of the assessment made by the commissioners. The retention of these bonds as well as of the surplus is not, by the voluntary action of the bank, for its own profit. So far as relates to the bonds the bank's interest would be promoted by selling them, and the surplus also might advantageously be divided amongst the shareholders. The bank is compelled to retain them from motives of public policy. As the State banks are not under a similar obligation, the rule adopted by the commissioners compels shareholders in national banks to pay on a surplus, while the shares in the State banks are not taxable above the par value, except at the election of their owners.

*Hugh L. Cole*, for the respondents. The actual value and not the par value, where the two do not coincide, is the standard to be adopted by the commissioners in assessing the value of shares of the capital stock of a national bank upon the stockholders thereof. (Chap. 761 of the Laws of 1866; *People* v. *The Assessors of Albany City*, 2 Hun, 583 [1874]; *Hepburn* v. *The School Directors of the Borough of Carlisle, Pennsylvania*, 23 Wall., 480 [1875].) The stockholders cannot avoid taxation on the actual value of their stock by the fact that a part, or even the whole, of the capital stock of the bank was invested in United States bonds. (*Van Allen* v. *The Assessors*, 3 Wall., 573; *The People* v. *The Commissioners*, 4 id., 244.)

BRADY, J.:

The actual value of the shares of the relators' stock is the proper standard in assessing the tax to be paid.

The par value does not control. (Laws 1866, chap. 761, vol. 2, page 1647; 1 Rev. Stat., 393, § 17.) It was the duty therefore of the respondents to ascertain and act upon the true value of the stock as they have done. (*People* v. *The Assessors of Albany City*, 2 Hun, 583.) The provision, that the tax so assessed shall not exceed the par value, in the enabling act of congress of 9th March, 1865, does not affect this principle. The impost may be upon a sum exceeding the par value when that sum represents the actual value of the share.

The precise question is settled by the highest authority. (*Hepburn* v. *The School Directors of the Borough of Carlisle, Penn.*, 23 Wall., 480.) The only restriction is, that the share shall not be taxed at a greater rate than is imposed upon other moneyed capital in the hands of individuals of this State. This limitation is not affected by the fact that a part of the capital stock of the bank is invested in bonds of the United States (*Van Allen* v. *The Assessors*, 3 Wall., 573; *The People* v. *The Commissioners*, 4 id., 244), or by the fact that the bank is obliged by law to accumulate a reserve. The respondents, in determining the tax to be imposed, adopted a standard of value founded upon the statement of the relators' president, and ascertained by deducting from such value the proportionate share of the assessed value of the relators' real estate. The reserve, which is a part of the capital of the bank and the surplus as well, were properly included in the estimate of value. Both contribute to the value of the shares, and are necessarily, therefore, constituent elements of such value. The interest of the shareholder entitles him to participate in the net profits earned by the bank in the employment of its capital, during the existence of its charter, in proportion to the number of his shares; and upon its dissolution, or termination, to his proportion of the property that may remain of the corporation after the payment of its debts. This is a distinct, independent interest or property held by the shareholder, like any other property that may belong to him, and, we add, of course subject to taxation. (Per NELSON, J., in cases in 3 and 4 Wall., *supra*.) It is quite apparent from these adjudi-

cations and the principles enunciated by them that the respondents have acted properly, and that the writ must be dismissed with costs.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Writ dismissed.